

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Wise v. Carrafiella

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wise v. Carrafiella" (2007). *2007 Decisions*. Paper 1588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-108                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3458

JOSEPH WISE
                    Appellant

v.

MATTHEW D. CARRAFIELLO; JOSEPH A. DEL SOLE;
SUSAN P. GANTMAN, and PETER PAUL OLSZEWSKI

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-02233)
District Judge: Honorable Edmund V. Ludwig

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2007

Before:   BARRY, AMBRO AND FISHER, Circuit Judges

(Filed February 20, 2007)

OPINION

PER CURIAM

        Joseph Wise appeals from a District Court order dismissing his complaint for lack

of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because we

conclude that Wise's appeal presents no substantial question, we will summarily affirm.

## I.

Wise filed his complaint against the Defendants pursuant to 42 U.S.C. § 1983. Wise's claims arose from a state court order issued by Judge Carrafiello which ordered Wise to vacate a parcel of real property. On appeal to the Pennsylvania Superior Court, Judges Del Sole, Gantman and Olszewski affirmed. Wise claimed that the Defendants deprived him of his constitutional rights through these orders.

After granting Wise's motion to proceed in forma pauperis, the District Court dismissed the complaint based on a lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Additionally, the District Court determined that the Defendants were immune from suit and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Wise timely filed a notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under the Rooker-Feldman doctrine and dismissal under 28 U.S.C. § 1915(e)(2) is plenary. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006)(stating standard of review over District Court's application of the Rooker-Feldman doctrine); see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(stating standard of review over § 1915(e)(2) dismissal).

## III.

The Rooker-Feldman doctrine deprives a District Court of jurisdiction in some circumstances to review a state court adjudication. See Turner, 449 F.3d at 547. In

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the United States Supreme Court emphasized the narrow scope of the Rooker-Feldman doctrine. It held that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See id. at 284 (emphasis added).

The majority of Wise's claims against the Defendants were purportedly caused when the state courts ordered Wise to vacate the parcel of real property. Wise's complaint sought review and rejection of the state court judgments. Therefore, these claims fall under the purview of the Rooker-Feldman doctrine and are barred.

Additionally, to the extent that Wise's complaint included claims that were not caused by the state court judgments, such claims are barred by judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991)(citation omitted). A judge is not immune from liability for non-judicial acts. See id. Additionally, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority; rather, he will be subject to liability . . . when he has acted in the clear absence of all jurisdiction." See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)(internal quotation marks and citation omitted). Wise's complaint did not set forth any facts illustrating that the Defendants' actions were non-judicial or were made in the clear absence of their jurisdiction. Thus, judicial

3

immunity bars suit on any of Wise's claims over which the District Court had jurisdiction.

## IV.

In conclusion, the <u>Rooker-Feldman</u> doctrine bars the majority of Wise's claims. Additionally, to the extent that Wise's claims were not caused by the state court judgments, these claims are barred by judicial immunity. Therefore, we will summarily affirm the District Court order. Wise's motion for summary action is denied.